IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH J. MERLINI,<br><br>　　　　　Plaintiff,<br>　v.<br><br>JOANNE B. BARNHART, Commissioner of Social Security,<br><br>　　　　　Defendant.　　　　　　　　　／ | No. C 03-00902 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412** |

Now before the Court is plaintiff's motion for the award of attorney fees pursuant to the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412. The underlying action was heard by this Court and concerned plaintiff's challenge to an Administrative Law Judge's final decision denying disability benefits for a 1999 claim. Both parties' papers included information related to a separate 2003 claim. On February 7, 2005, this Court granted the defendant's motion to dismiss the 2003 claim, denied the motion to dismiss the 1999 claim, and remanded the 1999 claim for further analysis regarding plaintiff's allegations of depression.

In the present motion, plaintiff requests fees in the amount of $4,391.10 at the hourly rate of $153.00 for a total of 28.7 hours. Defendant concedes that plaintiff is entitled to an award of fees but contests both the rate and the hours billed. Having carefully considered the papers submitted, the Court hereby GRANTS the requested fees in the amount of $4,391.10 based on 28.7 hours of work at the hourly rate of $153.00, for the reasons set out below.

**1.　　Hourly rate**

Plaintiff requests an award of attorney fees at an hourly rate of $153.00. EAJA provides for

1  the award of "reasonable attorney fees" based upon "prevailing market rates." 28 U.S.C. §
2  2412(d)(2)(A). The statute caps the hourly rate for attorney services at $125.00 unless the court
3  determines that a higher fee is justified by either a "special factor," such as the limited availability of
4  qualified attorneys, or an increase in the cost of living. 28 U.S.C. § 2412(d)(2)(A)(ii). Fees exceeding
5  the statutory cap are awarded under the special factor standard at the discretion of the court when
6  specialized knowledge, skills, or experience is necessary to the litigation and comparable services
7  cannot be obtained at the statutory rate. Pierce v. Underwood, 487 U.S. 552, 572 (1998); Pirus v.
8  Bowen, 869 F.2d 536, 541-42 (9th Cir. 1989). If fees are submitted with cost of living adjustments, the
9  fee applicant bears the burden of justifying and documenting the hourly rate requested. Sorenson v.
10 Mink, 239 F.3d 1140, 1148 (9th Cir. 2001); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Cost of
11 living adjustments are calculated using the consumer price index for all urban consumers (CPI-U) from
12 the Bureau of Labor Statistics of the U.S. Department of Labor. Increases are calculated from March
13 of 1996, when the statutory rate was set at $125 per hour.

14 Counsel's rate of $153 was calculated as of October 2004, the month in which work was
15 completed in the present case. The CPI-U at that time was 190.9. In March of 1996, the CPI-U rate was
16 155.7. Plaintiff accurately calculated the rate as adjusted for cost of living increases as follows:
17 (190.9/155.7) x 125 = 153. Accordingly, the cost of living increase is granted and attorney fees are
18 awarded at the hourly rate of $153.00.

19

20 **2.     Hours billed**

21 Plaintiff requests compensation for 28.7 hours of work. Defendant objects to two elements of
22 the stated billing. First, defendant maintains that the time spent preparing the motion for summary
23 judgement was excessive. Specifically, defendant claims that the issues involved in the case were
24 "neither novel or complex," and that the plaintiff erroneously argued that a 2003 ALJ decision was
25 reviewable. In support of this claim, defendant notes that this Court found that it did not have subject
26 matter jurisdiction over the 2003 claim and that the claim was barred by the Social Security Act.
27 Second, defendant argues that the Court should reduce the 2 hours billed for preparation of the EAJA
28 petition to 1 hour.

Hours billed must be reasonable and documented. <u>Hensley</u>, 461 U.S. at 434, 437; <u>see</u> 28 U.S.C. § 2412 (d)(2)(A). When evaluating the reasonableness of hours billed, the court should take into consideration factors including the amount involved in the claim, whether the fees are excessive, redundant, or unnecessary, and the relationship between the fee awarded and the results obtained. <u>Hensley</u>, 461 U.S. at 437-39.

In this case, plaintiff ultimately prevailed on the 1999 claim and the total amount of attorney fees at stake is small. While the 2003 claim was not ripe for review, the confusion over the claim was determined by the Court to be "primarily the fault of the defendant." Feb. 7, 2005 Court Order at 5 n.2. The Court held that while the plaintiff addressed only the 1999 claim in her original complaint, the defendant's decision to include evidence and testimony regarding the 2003 claim in the answer led the plaintiff to discuss both claims in her motion for summary judgement in order to ensure that the 2003 claim would not be precluded at a later date. The Court then requested that the Social Security Commissioner file separate administrative records for the 1999 and 2003 claims in all future proceedings. <u>Id.</u>

Given the nature of this Court's previous findings regarding the 2003 claim, the 15 hours spent in preparation of the summary judgement motion are justified. Likewise, the Court finds that 2 hours is not an excessive amount of time to review billing records and to prepare an EAJA petition. Accordingly, the Court will compensate plaintiff for the requested 28.7 hours.

Therefore, the Court GRANTS plaintiff's motion for attorney fees in the amount of $4,391.10, based on the hourly rate of $153.00 for 28.7 hours.

**IT IS SO ORDERED.**

Dated: June 20, 2005     S/Susan Illston
                         SUSAN ILLSTON
                         United States District Judge

3